IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

RAUL GONZALES,                          §
                                        §
          Petitioner,                   §
                                        §
V.                                      §          NO. 4:21-CV-1138-O
                                        §
BOBBY LUMPKIN, DIRECTOR,                §
                                        §
          Respondent.                   §

## OPINION AND ORDER

Petitioner, Raul Gonzales, filed a petition under 28 U.S.C. § 2254 to challenge his conviction. Respondent has answered and Petitioner has filed a reply. The Court, having considered the pleadings, the record, and applicable authorities, finds that the petition must be dismissed as untimely.

## I.  BACKGROUND

Petitioner is in custody pursuant to a judgment imposed on February 28, 2020, under Case No. 1612586R in Criminal District Court Number Four of Tarrant County, Texas. Petitioner pled guilty to the charge of failure to comply with sexual offender registration requirements and was sentenced to a term of 10 years' imprisonment. ECF No. 27-26 at 6–8.

On June 1, 2020, Petitioner filed a state application for writ of habeas corpus. ECF No. 27-26 at 12–33. On September 2, 2020, the Court of Criminal Appeals of Texas denied the application without written order on findings of the trial court and on its own independent review of the record. ECF No. 27-21. On June 10, 2021, Petitioner filed a second state application. ECF No. 27-29 at 8–39. On August 11, 2021, the second application was dismissed as a subsequent application. ECF No. 27-27.

On September 28, 2021, Petitioner filed his federal application for writ of habeas corpus. ECF No. 6. Petitioner basically contends that sex offender registration is unconstitutional.

## II.  LIMITATIONS

A one-year period of limitation applies to a petition for writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The period runs from the latest of —

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence.

28 U.S.C. § 2244(d)(1).   Typically, the time begins to run on the date the judgment of conviction becomes final. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

The time during which a properly filed application for state post-conviction relief is pending does not count toward the period of limitation. 28 U.S.C. § 2244(d)(2). A state habeas petition is pending on the day it is filed through the day it is resolved. *Windland v. Quarterman*, 578 F.3d 314, 317 (5th Cir. 2009). A subsequent state petition, even though dismissed as successive, counts to toll the applicable limitations period. *Villegas v. Johnson*, 184 F.3d 467, 470 (5th Cir. 1999). And, a motion for reconsideration of the denial of a state petition also counts to toll limitations. *Emerson v. Johnson*, 243 F.3d 931, 935 (5th Cir. 2001). A state habeas

2

application filed after limitations has expired does not entitle the petitioner to statutory tolling. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Equitable tolling is an extraordinary remedy available only where strict application of the statute of limitations would be inequitable. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). The doctrine is applied restrictively only in rare and exceptional circumstances. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). The petitioner bears the burden to show that equitable tolling should apply. *Alexander v.* Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). To do so, the petitioner must show that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented the timely filing of his motion. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The failure to satisfy the statute of limitations must result from factors beyond the petitioner's control; delays of his own making do not meet the test. *In re* Wilson, 442 F.3d at 875. Equitable tolling applies principally where the petitioner is actively misled by the government or is prevented in some extraordinary way from asserting his rights. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *Patterson*, 211 F.3d at 930. Neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling. *Id.* Lack of legal acumen and unfamiliarity with legal process are not sufficient justification to toll limitations. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008); *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Finally, the Supreme Court has recognized actual innocence as an equitable exception to the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To meet the actual innocence exception to limitations, the petitioner must show that, in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.

*Id.* at 386–87; *Merryman v. Davis*, 781 F. App'x 325, 330 (5th Cir. 2019).   "Actual innocence" means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Moreover, such a claim requires the petitioner to support his allegations with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

## III.  ANALYIS

Petitioner's state court judgment became final March 30, 2020, when the time for filing a direct appeal expired. Tex. R. App. P. 26.2(a). Thus, the deadline for his federal application was March 30, 2021, absent tolling. Petitioner's state habeas application was pending for 94 days, from June 1 until September 2, 2020, extending the federal deadline to July 2, 2021. His second state application was pending 63 days, from June 10 until August 11, 2021. As a result, his federal habeas application was due September 3, 2021. It was not filed until September 28, 2021. ECF No. 6 at 9.

Petitioner seems to contend that the initiation of this case on September 2, 2021, was sufficient to meet the limitations deadline. ECF No. 31 at 2. The record reflects that the first document filed by Petitioner was titled "Request Permission for Leave to File Petition for Writ of Habeas Corpus 28 U.S.C. § 2241." ECF. No. 3. Instead of constituting a petition, that document sought legal advice as to whether seeking relief from state authorities would delay review of a federal petition. The "other question" the document posed was whether Petitioner could consolidate a habeas corpus petition with a 1915 complaint. *Id.* at 2. The magistrate judge ordered that Petitioner file a petition using the proper form so that his request for relief could be screened. ECF No. 4. The responsive document was signed September 28, 2021, and set forth for the first time the grounds for relief sought here. ECF No. 6 at 9.

In addition, Petitioner argues that equitable tolling should apply due to COVID-19 lockdowns. ECF No. 31. He makes no attempt to establish that he acted diligently in pursuing state habeas relief and then in filing his federal application. In particular, he does not identify any circumstance that prevented his timely filing a petition. *Holland*, 560 U.S. at 649. There is no explanation for why he waited more than one year from the denial of his first state habeas application until pursuing relief here.

Finally, even though Respondent does not address the merits, it is clear that Petitioner could not prevail. First, it is apparent from the petition (as originally filed and as amended) and from documents received January 31, 2022, ECF No. 32, and March 31, 2022, ECF No. 33, that Petitioner is really attacking an underlying judgment pursuant to which his sex offender registration requirements were imposed. The time for attacking that judgment has long expired. Further, even if Petitioner is attacking the judgment in Case No. 1612586R for failure to register as a sex offender, he cannot show any infirmity in that conviction. The record reflects that Petitioner knowingly, voluntarily, and with full knowledge of the consequences entered a plea of guilty. ECF No. 27-26 at 53–59. The Court of Criminal Appeals of Texas denied his state application for writ of habeas corpus and Petitioner has made no attempt to show that its decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

## IV.  CONCLUSION

For the reasons discussed herein, Petitioner's application is **DISMISSED AS UNTIMELY**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 18th day of May, 2022.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

6